UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN JOHN ALLIN SIMONS,

    Plaintiff,

        v.                                CAUSE NO.: 3:24-CV-148-TLS-JEM

GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Kevin John Allin Simons, a prisoner without a lawyer, filed a Complaint against six Defendants alleging they violated his constitutional rights and prison policy when he was not moved back to Chain O'Lakes Correctional Facility after his disciplinary charge was dismissed. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Simons asserts that, on January 3, 2023, he was found guilty of a disciplinary offense and transferred from Chain O'Lakes Correctional Facility, a level one facility, to Westville Correctional Facility, a level two facility. ECF No. 1 at 2. About six months later, on July 21, the disciplinary charge was dismissed, and Simons was reclassified as a level one offender. *Id*. As a result of his reclassification, on July 27, Simons requested that he be transferred back to Chain

O'Lakes Correctional Facility. *Id*. He asserts he wrote to the Defendants about his transfer request, but they did not respond to him. *Id*.

On October 29, Simons filed a classification appeal, and on November 1, he filed a grievance about the transfer issue. *Id*. Simons next contacted his case worker who filed a transfer request on his behalf. *Id*. Because no one responded to his transfer requests, Simons filed additional classification appeals and grievances with the last set of appeals filed on January 10, 2024. *Id*. In sum, Simons asserts that, despite following the appropriate steps to effectuate his transfer, he has yet to be transferred back to Chain O'Lakes Correctional Facility even though it has been six months since the dismissal of his disciplinary offense.[1]

While unclear from his Complaint, Simons may be asserting that his confinement at Westville Correctional Facility violated his due process rights. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit has "concluded that inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65

---

[1] Shortly after Simons filed his Complaint, he was moved back to Chain O'Lakes Correctional Facility. ECF No. 6.

2

Fed. App'x 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

While Simons objects to the delay in being transferred back to Chain O'Lakes Correctional Facility, he does not say if he has been housed in a segregated unit at Westville Correctional Facility, or otherwise describe the conditions of his confinement. It is unclear if the time Simons has spent at Westville Correctional Facility implicates due process concerns because he does not describe his conditions or assert they posed an atypical and significant hardship as compared to the ordinary incidents of life in prison. *Sandin*, 515 U.S at 484. In other words, Simons has not pled facts from which it can plausibly be inferred that both the length of his stay at Westville Correctional Facility *and* the conditions violated his constitutional rights. He has not stated a claim here.

Simons also alleges that the Defendants violated Indiana Department of Correction Policy (IDOC) because he was not timely transferred back to Chain O'Lakes Correctional Facility. ECF No. 1 at 2. Section 1983 allows a plaintiff to sue for a violation of his federal rights, not of IDOC policies. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (explaining that a claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Therefore, even if the Defendants violated prison policy, this would not form the basis for a constitutional claim.

This Complaint does not state a claim for which relief can be granted. If Simons believes he can state a claim based on (and consistent with) this order, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Kevin John Allin Simons until **March 19, 2025**, to file an amended complaint; and

(2) CAUTIONS Kevin John Allin Simons that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 18, 2025.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

4